UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARY KORTE, Derivatively on Behalf of Nominal Defendant INSPIRE MEDICAL SYSTEMS, INC.,

Plaintiff,

v.

TIMOTHY P. HERBERT, RICHARD J. BUCHHOLZ, CARLTON W. WEATHERBY, SHELLY G. BROADER, CYNTHIA B. BURKS, MYRIAM J. CURET, GARY L. ELLIS, GEORGIA GARINOIS-MELENIKIOTOU, SHAWN T. MCCORMICK, DANA G. MEAD, JR., and CASEY M. TANSEY,

Defendants,

and

INSPIRE MEDICAL SYSTEMS, INC.,

Nominal Defendant.

Case No. 1:26-cv-00680-PAE

The Hon. Paul A. Engelmayer

**STIPULATION AND ~~[PROPOSED]~~ ORDER STAYING ACTION**

Plaintiff Mary Korte ("Plaintiff"), nominal defendant Inspire Medical Systems, Inc. ("Inspire"), and defendants Timothy P. Herbert ("Herbert"), Richard J. Buchholz ("Buchholz"), Carlton W. Weatherby ("Weatherby"), Shelley G. Broader, Cynthia B. Burks, Myriam J. Curet, Gary L. Ellis, Georgia Garinois-Melenikiotou, Shawn T. McCormick, Dana G. Mead, Jr., and Casey M. Tansey (collectively, the "Individual Defendants," and together with Inspire, the

"Defendants"),[1] by and through their undersigned counsel, hereby stipulate and agree as follows, and jointly request that the Court enter the below Order approving this Stipulation:

WHEREAS, on January 27, 2026, Plaintiff filed the above-captioned shareholder derivative action purportedly on behalf of nominal defendant Inspire in this Court against the Individual Defendants alleging certain violations of the Securities and Exchange Act of 1934, breach of fiduciary duties, abetting breach of fiduciary duties, unjust enrichment, and waste of corporate assets (the "Derivative Action");

WHEREAS, Defendants have agreed to accept service of process in the Derivative Action, while expressly reserving all of their other respective rights, claims, and defenses, including all defenses relating to jurisdiction and venue, including under Inspire's exclusive-forum bylaw and 28 U.S.C. § 1404;

WHEREAS, a related securities class action is pending in this Court against Inspire and Defendants Herbert, Buchholz, and Weatherby, captioned *In re Inspire Med. Sys., Inc. Sec. Litig.*, Case No. 1:25-cv-10620-PAE (S.D.N.Y.) (the "Securities Class Action"), based on substantially the same facts and circumstances at issue in the Derivative Action;

WHEREAS, Defendants in the Securities Class Action have moved to transfer the Securities Class Action to the U.S. District Court for the District of Minnesota under 28 U.S.C. § 1404, *see In re Inspire Med. Sys., Inc. Sec. Litig.*, ECF No. 20;

WHEREAS, because the Derivative Action substantially overlaps with the Securities Class Action, the Parties agree that developments in the Securities Class Action, including the Court's

---

[1] Plaintiffs and Defendants together are referred to herein as the "Parties."

decision on the pending motion to transfer, may help inform the manner in which this Derivative Action proceeds; and

WHEREAS, the Parties agree that the interests of efficient and effective case management and the conservation of judicial and litigant resources would be served by temporarily staying this Derivative Action, subject to the terms and conditions set forth herein.

IT IS HEREBY STIPULATED AND AGREED among the Parties, and respectfully submitted for the Court's approval, as follows:

1. All proceedings and deadlines in the Derivative Action—including any obligation by Defendants to answer, move against, or otherwise respond to any complaints filed in the Derivative Action—shall be stayed until (i) the dismissal of the Securities Class Action, with prejudice, and exhaustion of all appeals related thereto, if any; (ii) the denial of any motion to dismiss in the Securities Class Action, in whole or in part; or (iii) any Party giving fourteen (14) days' notice to the other Party's undersigned counsel that they no longer consent to the stay and the Court then lifting the stay. With respect to sub-section (iii), if any Party gives notice that it no longer consents to a voluntary stay, any other Party reserves the right to move for a continuation of the stay.

2. Within fourteen (14) days after the occurrence of any of the foregoing events that trigger the lifting of the stay, the Parties shall meet and confer and submit a proposed schedule governing further proceedings in the Derivative Action.

3. Plaintiff may file an amended complaint during the pendency of the stay, but Defendants shall have no obligation to move, answer, plead, or otherwise respond to that amended complaint, or any other complaint that is filed in or consolidated with the Derivative Action, during the pendency of the stay.

4. Defendants' counsel shall promptly notify Plaintiff upon becoming aware of any derivative actions filed in any forum ("Related Derivative Actions") or books and records demands made pursuant to 8 *Del. C.* § 220 ("Related Demands"), arising out of the same facts and circumstances alleged in the Derivative Action and/or the Securities Class Action.

5. If, during the pendency of the stay, Inspire provides copies of any books and records to a stockholder who issues Related Demands, pursuant to 8 *Del. C.* § 220, that relate to the subject matter of the Derivative Action and/or the Securities Class Action ("Section 220 Documents"), Inspire will also promptly produce copies of such Section 220 Documents to Plaintiff, subject to Parties' counsel entering a reasonable and mutually agreed-to confidentiality agreement or protective order governing the use of the documents in the Derivative Action.

6. Defendants shall provide Plaintiff with copies of any discovery produced to any other Related Derivative Action or Related Demands, subject to the execution of a reasonable confidentiality agreement or protective order that permits Plaintiff to use the discovery in the Derivative Action.

7. Defendants shall provide Plaintiff with advance notice of the scheduling of any mediation or formal settlement discussions in the Securities Class Action, and shall request that Plaintiff be included in any such mediation, to the extent practicable. Defendants shall also provide Plaintiff with advance notice of the scheduling of any mediation or formal settlement discussions in connection with any Related Derivative Actions or Related Demands, and shall include Plaintiff in any such mediation or formal settlement discussions, to the extent practicable. If Plaintiff is not permitted to attend any such mediation or formal settlement discussions, Defendants will make a good faith effort to separately mediate with Plaintiff at or about the same time.

8. This stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Derivative Action, including all defenses related to jurisdiction and venue.

9. If this stay is terminated for any reason besides the triggering events set forth in Paragraph 1, the Parties shall meet and confer and within thirty (30) days submit a proposed scheduling order governing any further proceedings in the Derivative Action.

**IT IS SO STIPULATED.**

Dated: March 18, 2026

Respectfully submitted,

**RIGRODSKY LAW, P.A.**

*/s/ Vincent A. Licata*
Vincent A. Licata
Leah B. Wihtelin
225 Broadway, Suite 3707
New York, NY 10007
Telephone: (212) 201-7690
Email: vl@rl-legal.com
Email: lw@rl-legal.com

*Counsel for Plaintiff Mary Korte*

**GRABAR LAW OFFICE**

Joshua H. Grabar
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 507-6085
Email: jgrabar@grabarlaw.com

*Of Counsel for Plaintiff Mary Korte*

Dated: March 18, 2026

*/s/ Sandra D. Grannum*
Sandra D. Grannum (#2107423)
**FAEGRE DRINKER BIDDLE & REATH LLP**
1177 Avenue of the Americas, 43rd Floor
New York, NY 10036
Telephone: (973) 549-7015
sandra.grannum@faegredrinker.com

Matthew Kilby (*pro hac vice forthcoming*)
Jeffrey P. Justman (*pro hac vice forthcoming*)
**FAEGRE DRINKER BIDDLE & REATH LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
matthew.kilby@faegredrinker.com
jeff.justman@faegredrinker.com

*Attorneys for Defendants*

SO ORDERED.

Date: March 18, 2026
New York, New York

Paul A. Engelmayer

HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE