**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARY KORTE, Derivatively on Behalf of Nominal Defendant INSPIRE MEDICAL SYSTEMS, INC.,<br><br>Plaintiff<br><br>v.<br><br>TIMOTHY P. HERBERT, RICHARD J. BUCHHOLZ, CARLTON W. WEATHERBY, SHELLY G. BROADER, CYNTHIA B. BURKS, MYRIAM J. CURET, GARY L. ELLIS, GEORGIA GARNOIS-MELENIKIOTOU, SHAWN T. MCCORMICK, DANA G. MEAD, JR., and CASEY M. TANSEY,<br><br>Defendants,<br><br>and,<br><br>INSPIRE MEDICAL SYSTEMS, INC.,<br><br>Nominal Defendant | Case No. 1: 26-cv-00680-PAE |
| WILLIAM DAVIS, Derivatively on Behalf of INSPIRE MEDICAL SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY P. HERBERT, RICHARD J. BUCHHOLZ, CARLTON W. WEATHERBY, CYNTHIA B. BURKS, SHAWN T. MCCORMICK, GARY L. ELLIS, GEORGIA GARINOIS-MELENIKIOTOU, DANA G. MEAD, JR., SHELLEY G. BROADER, MYRIAM J. CURET, M.D., CASEY M. TANSEY, RANDALL A. BAN, and JOHN RONDONI, | Case No.: 1:26-cv-02315-PAE |

| |
|---|
| Defendants,<br><br>- and -<br><br>INSPIRE MEDICAL SYSTEMS, INC.,<br><br>Nominal Defendant. |

**STIPULATION AND [PROPOSED] ORDER LIFTING THE STAY IN THE *KORTE* ACTION, CONSOLIDATING THE SHAREHOLDER DERIVATIVE ACTIONS, APPOINTING CO-LEAD COUNSEL, AND APPLYING THE STAY TO THE CONSOLIDATED DERIVATIVE ACTION**

**WHEREAS**, on January 27, 2026, Plaintiff Mary Korte ("Korte") filed the above first-captioned action (the "*Korte* Action") derivatively and purportedly on behalf of Inspire Medical Systems, Inc., ("Inspire" or "the Company"), against Defendants Timothy P. Herbert ("Herbert"), Richard J. Buchholz ("Buchholz"), Carlton W. Weatherby ("Weatherby"), Shelly G. Broader, Cynthia B. Burks, Myriam J. Curet, Gary L. Ellis, Georgia Garnois-Melenikiotou, Shawn T. McCormick, Dana G. Mead, Jr., and Casey M. Tansey, (collectively, the "Individual Defendants");

**WHEREAS**, there is currently pending in this Court a related putative securities class action against Inspire, Herbert, Buchholz, and Weatherby, captioned *In re Inspire Med. Sys., Inc. Sec. Litig.,* Case No. 1:25-cv-10620-PAE (S.D.N.Y.) (the "Securities Class Action");

**WHEREAS**, Defendants in the Securities Class Action have moved to transfer the Securities Class Action to the U.S. District Court for the District of Minnesota under 28 U.S.C. § 1404, *see id*., ECF No. 20, and that motion remains pending;

**WHEREAS**, on March 18, 2026, Plaintiff Korte and the Defendants filed a Stipulation and Proposed Order Staying Action (*Korte* Action, ECF No. 4);

**WHEREAS**, on March 18, 2026, the Court entered an order granting a stay of the *Korte* Action pursuant to the terms of the Stipulation (the "Stay") (*Korte* Action, ECF No. 5);

**WHEREAS**, pursuant to the Stay, the *Korte* Action is stayed until "(i) the dismissal of the Securities Class Action, with prejudice, and exhaustion of all appeals related thereto, if any; (ii) the denial of any motion to dismiss in the Securities Class Action, in whole or in part; or (iii) any Party giving fourteen (14) days' notice to the other Party's undersigned counsel that they no longer consent to the stay and the Court then lifting the stay. With respect to sub-section (iii), if any Party gives notice that it no longer consents to a voluntary stay, any other Party reserves the right to move for a continuation of the stay." *Id.*;

**WHEREAS,** on March 20, 2026, Plaintiff William Davis ("Davis," and together with Korte, "Plaintiffs") filed the above second-captioned action (the "*Davis* Action," and together with the *Korte* Action, the "Derivative Actions") derivatively and purportedly on behalf of Inspire against the Individual Defendants, Randall A. Ban, John Rondoni (collectively, including Inspire, the "Defendants");[1]

**WHEREAS,** to the extent not already served, counsel for Defendants have agreed to accept service of process of the initial complaints in the Derivative Actions, while expressly reserving all of their other respective rights, claims and defenses, including all defenses relating to jurisdiction and venue, including under Inspire's exclusive-forum bylaw and 28 U.S.C. § 1404;

**WHEREAS**, counsel for the Parties have conferred, and agree that the Derivative Actions involve substantially similar subject matters and questions of law and fact concerning Defendants' alleged breaches of fiduciary duty, name many of the same Defendants, contain substantially similar factual allegations, assert substantially similar causes of action, and seek substantially similar relief;

[1] Plaintiffs and Defendants, together, are the "Parties."

**WHEREAS**, the Parties agree that the Stay in the *Korte* Action should be temporarily lifted for the sole and limited purposes of (i) facilitating the consolidation of the Derivative Actions and any future shareholder derivative actions involving substantially similar allegations, claims, and defendants ("Related Derivative Action"), (ii) appointing leadership for Plaintiffs, and (iii)staying the consolidated action pending resolution of both the pending motion to transfer venue and anticipated motion to dismiss in the Securities Class Action;

**WHEREAS**, in an effort to assure consistent rulings and decisions, the avoidance of unnecessary duplication of effort, and the avoidance of prejudice to the Company and its stockholders, all of the undersigned counsel, on behalf of the Parties herein, enter into this stipulation;

**WHEREAS,** Federal Rule of Civil Procedure 42(a) provides that when actions involve "a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

**WHEREAS,** the Parties agree that the Derivative Actions should be consolidated for all purposes into a single consolidated action (the "Consolidated Derivative Action") to avoid duplication of effort and potentially conflicting results, and to conserve party and judicial resources;

**WHEREAS,** in order to realize the efficiencies made possible by the consolidation of the Derivative Actions, Plaintiffs agree that Rigrodsky Law, P.A. and Weiss Law, the resumes of which are attached hereto as Exhibits A and B, respectively, shall be designated as Co-Lead Counsel for Plaintiffs in the Consolidated Derivative Action;

**WHEREAS,** without waiving any rights, arguments, or defenses, Defendants agree that the Derivative Actions should be consolidated and take no position regarding the appointment of Co-Lead Counsel for the Consolidated Derivative Action; and

**WHEREAS,** the Parties have conferred and agreed, subject to the Court's approval and based on the terms and conditions set forth below, that the Stay in the *Korte* Action should be reinstated in the Consolidated Derivative Action;

**NOW, THEREFORE**, the undersigned Parties, by and through their counsel, **STIPULATE** and **AGREE**, subject to the approval of the Court, that:

1. To the extent they have not already been served, Defendants accept service of the complaint in the *Davis* Action, while expressly reserving all of their other respective rights, claims and defenses, including all defenses relating to jurisdiction and venue, including under Inspire's exclusive-forum bylaw and 28 U.S.C. § 1404.

2. The Stay in the *Korte* Action is temporarily lifted for the sole and limited purpose of permitting the Parties to file, and the Court to rule on, this Stipulation.

3. The Derivative Actions shall be, and hereby are, consolidated for all purposes, including pre-trial proceedings and trial, under Lead Case No. 1:26-cv-00680-PAE (the "Consolidated Derivative Action"):

4. Every pleading filed in the Consolidated Derivative Action, or in any separate action included herein, shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE INSPIRE MEDICAL SYSTEMS, INC. SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Lead Case No. 1:26-cv-00680-PAE<br><br>(Consolidated) |

5. All documents filed and served to date in the Derivative Actions are deemed filed and served and are part of the record in the Consolidated Derivative Action.

6. All papers filed in connection with the Consolidated Derivative Action shall be filed only in Case No. 1:26-cv-00680-PAE.

7. Plaintiffs are appointed as Co-Lead Plaintiffs in the Consolidated Derivative Action.

8. The law firms of Rigrodsky Law, P.A. and Weiss Law, respectively, are hereby appointed Co-Lead Counsel for Co-Lead Plaintiffs in the Consolidated Derivative Action.

9. Co-Lead Counsel for Co-Lead Plaintiffs shall have the authority to speak for Co-Lead Plaintiffs in the Consolidated Derivative Action in all matters regarding pretrial proceedings, trial, and appeal, as well as in any potential settlement negotiations, and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive efforts.

10. Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of Co-Lead Plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

11. Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs.

12. This Stipulation and Order shall apply to each action arising out of the same transactions or occurrences as the Consolidated Derivative Action, whether filed in, removed to, or transferred to this Court.

13. When a case which properly belongs as part of *In re Inspire Medical Systems, Inc. Shareholder Derivative Litigation*, Lead Case No. 1:26-cv-00680-PAE (S.D.N.Y.), is hereafter filed in, removed to, reassigned to, or transferred to this Court, counsel for the Parties shall call such filing, removal, reassignment, or transfer to the attention of the Court and the Clerk, and counsel will assist in ensuring that counsel in subsequent actions receive notice of this order. Unless otherwise ordered, later-filed shareholder derivative actions involving the same or substantially similar issues of law and fact shall be consolidated into *In re Inspire Medical Systems, Inc. Shareholder Derivative Litigation*, Lead Case No. 26-cv-00680-PAE (S.D.N.Y.).

14. All proceedings in the Consolidated Derivative Action and all deadlines to move to dismiss, answer, or otherwise respond to the complaint therein, and all discovery and disclosure obligations under the applicable local and federal rules, shall be stayed according to the terms, and during the pendency of the Stay in the *Korte* Action (*Korte* Action, ECF no. 5), and the Stay order entered in the *Korte* Action shall apply in all respects to the Consolidated Derivate Action.

15. Unless otherwise ordered, this Order shall apply to any subsequently filed Related Derivative Action. Any application to relate, and/or any application by Plaintiff to coordinate or consolidate any such related derivative action may be made, and may be ruled on, notwithstanding the Stay.

16. If this stay is terminated for any reason, the Parties shall meet and confer and within thirty (30) days submit a proposed scheduling order governing any further proceedings in the Consolidated Derivative Action, including the date by which the Plaintiffs will file a consolidated or amended consolidated complaint and the date by which the Defendants must answer, move, or otherwise respond to the amended or consolidated amended complaint.

17. Nothing herein shall be deemed to constitute a waiver of any of the Parties' rights, remedies, claims, or defenses, and all Parties preserve all claims, arguments, objections or defenses concerning the claims raised in the Consolidated Derivative Action.

**SO STIPULATED AND AGREED**

Date: April 21, 2026

By: ______________________

**RIGRODSKY LAW, P.A.**
Vincent A. Licata
Leah B. Wihtelin
225 Broadway, Suite 3707
New York, NY 10007
Telephone: (212) 201-7690
Email: vl@rl-legal.com
Email: lw@rl-legal.com

*Proposed Co-Lead Counsel and Counsel for Plaintiff Mary Korte*

**GRABAR LAW OFFICE**
Joshua H. Grabar
One Liberty Place
1650 Market Street, suite 3600
Philadelphia, PA 19103
Telephone: (267) 507-6085
Email: jgrabar@grabarlaw.com

*Of Counsel for Plaintiff Mary Corte*

By: ________________________
**WEISS LAW**
David Corey Katz
305 Broadway, 7th Floor
New York, NY 10007
Telephone: (212) 682-3025
Facsimile: (212) 682-3010
dkatz@weisslawllp.com

*Proposed Co-Lead Counsel and Counsel for Plaintiff William Davis*

By: ________________________
Sandra D. Grannum
**FAEGRE DRINKER BIDDLE & REATH LLP**
1177 Avenue of the Americas, 43rd Fl.
New York, NY 10036
Telephone: (973) 549-7015
Facsimile: (973) 360-9831
Sandra.Grannum@faegredrinker.com

Matthew Kilby (pro hac vice forthcoming)
Jeffrey P. Justman (pro hac vice forthcoming)
**FAEGRE DRINKER BIDDLE & REATH LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
matthew.kilby@faegredrinker.com
jeff.justman@faegredrinker.com

*Attorneys for Defendants*

**IT IS SO ORDERED.**

Dated: April ___, 2026

________________________________
HON. PAUL A. ENGELMAYER